429 A.2d 1189

**COMMONWEALTH of Pennsylvania,**

v.

**Gaston Wayne O'NEAL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed May 15, 1981.

Thomas A. Natishyn, Assistant Public Defender, Strouds-burg, for appellant.

Linda Miller, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

240

Before SPAETH, CAVANAUGH, and O'KICKI,* JJ.

O'KICKI, Judge:

This appeal arises from conviction and sentence of Gaston Wayne O'Neal for theft. Sentence was entered on May 3, 1979.

Three issues are present in the instant case: Does a lessee of a home have authority to consent on behalf of a house guest to a search of a bedroom used exclusively by the temporary gratuitous guest? If such a lessee has the authority, was his consent to search voluntarily given, and not the result of duress or coercion, express or implied? When a search is conducted pursuant to lessee's consent, is it necessary for the Commonwealth to establish that the police had probable cause?

Vincent Harrison (Harrison) was the lessee of a house in Stroudsburg, Monroe County, Pennsylvania. Gaston Wayne O'Neal and his wife were temporary guests in the Harrison home. O'Neal shared kitchen and bathroom facilities and paid no rent. Harrison received information from a "friend" that stolen goods were in his home. Acting on this information, Harrison went to the Stroudsburg Police Headquarters and asked an officer on duty at the time, "Is there any way that you could search my house?" The officer advised Harrison that he could sign a consent to search form, which Harrison signed. The officer accompanied Harrison to his house and a search was conducted. The search, apparently authorized for the entire premises, was limited to the bedroom which was exclusively occupied by Gaston and his wife. The door to Gaston's bedroom and the closet door in the bedroom were closed prior to the time of the search. Of the sixteen items seized by the officer, only one item, a spark-plug tester was found to be a stolen article. The spark-plug tester was found to be stolen only after the police contacted Gaston's employer, the manufacturer of the spark-plug tester. Prior to this time, neither the police nor the

* President Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

manufacturer had any knowledge that the spark-plug tester was missing. Gaston was charged and convicted.

■ The paramount question in this case is whether a lessee of a home has the authority to consent to a search of a bedroom used exclusively by a temporary gratuitous guest in the home?

In *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) Mr. Justice White wrote:

"In *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the Court reaffirmed the principle that the search of property, without warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment. The question now before us is whether the ... voluntary consent of a third party to search the living quarters of the respondent was legally sufficient to render the seized materials admissible in evidence at the respondent's criminal trial."

The case of *Commonwealth v. Latshaw*, 481 Pa. 298, 392 A.2d 1301, cert. den. 441 U.S. 931, 99 S.Ct. 2050, 60 L.Ed.2d 659 (1978), is similar to the case at bar. In *Latshaw* the possessor of a barn sought out and requested the police to search her barn. Upon searching the premises, the police discovered a large quantity of marijuana. The premises were being used without the possessor's knowledge, permission or consent. The court, in holding the warrantless search valid, stated:

"Accordingly, what distinguishes the present case from other cases which concern the issue of the ability of a third party to consent to a search of the property or effects of another party is the utter *lack of any consensual relationship* between Ms. Bubb and the Appellant, coupled with the inescapable fact that Mrs. Bubb *at no time surrendered any indicia of her absolute control over the barn*.", 481 Pa. at 307, 392 A.2d 1301. (emphasis added).

In the instant case before this court, the lessee and Gaston were in a consensual relationship. The lessee permitted

Gaston to use exclusively a bedroom and jointly use the kitchen and bathroom facilities of the house. In *Latshaw*, supra, the Pennsylvania Supreme Court cites, in part, a footnote from the *Matlock* decision which in its entirety reads:

> "*Common authority is, of course, not to be implied from the mere property interest a third party has in the property*. The authority which justifies the third party consent does not rest upon the law of property, with its attendant historical and legal refinements, see *Chapman v. United States*, 365 U.S. 610 [81 S.Ct. 776, 5 L.Ed.2d 828] (1961) (landlord could not validly consent to the search of a house he had rented to another?, *Stoner v. California*, 376 U.S. 483 [84 S.Ct. 889, 11 L.Ed.2d 856] (1964) (night hotel clerk could not validly consent to search of customer's room), *but, rests rather on mutual use of the property by persons generally having joint access or control for most purposes*, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *Matlock, supra.* 415 U.S. at 171, n.7, 94 [S.Ct.] at 993. (emphasis added).

See also *Commonwealth v. Garcia*, 478 Pa. 406, 387 A.2d 46 (1978).

The facts in the case at bar clearly reveal that the bedroom that was searched was not a common area used by both lessee and his quest, Gaston. The doors to the bedroom and closet were closed. The lessee's only connection with the bedroom was that he owned the dresser and bed therein. The record is silent as to whether the lessee had any of his own personal effects in the dresser or closet. Gaston had expected that his use of the bedroom and closet were private.

Lessee had gratuitously relinquished his authority over the bedroom and the closet therein. Gaston had a protected, Fourth Amendment, reasonable expectation of privacy which the lessee could not legally waive by consenting to a warrantless search.

■ The next issue raised by Gaston is that the lessee's consent to search was not voluntarily given. In *Commonwealth v. Latshaw*, supra, the court stated at 303, 392 A.2d 1301:

"Not only did Minnie Bubb give permission to the police authorities to search the area, she actually called them and invited them to do so."

"The Fourth Amendment does not preclude a warrantless search of property when consent is given by a person possessing the authority to consent to such search. (citations omitted). There is no question that Ms. Bubb's consent was voluntarily given and unlike many situations arising in this area, here the police did not seek the permission to search."

In the case at bar, lessee went to the police and asked, "Is there any way that you could search my house?" There is no evidence of governmental coercion in this case. It is a case where a citizen not acting under governmental pressure, actively sought out the police authorities. Lessee's consent to search his home was limited to the common areas and to the areas where he has not given up control. The consent to search the lessee's home was valid, except for the search of Gaston's bedroom and the closet therein.

■ The final issue raised by this instant case is whether or not it was necessary for the Commonwealth to show the police had probable cause to conduct the search. It is well settled general law that when a warrantless search is conducted pursuant to consent voluntarily given, no showing of probable cause is necessary. *United States v. Matlock*, supra; *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

■ The police did not need to show probable cause in order to search the common areas and areas exclusive to the lessee. However, in order to have conducted lawfully a warrantless search of Gaston's bedroom, the showing of probable cause is an absolute necessity. *United States v. Matlock*, supra; *Schneckloth v. Bustamonte*, supra.

Not even Gaston's employer, the manufacturer of the stolen item, had any knowledge whatsoever that he was the victim of a theft. The police seized sixteen items "hoping" that one or more would be a stolen good. There is no evidence that Gaston was suspected of committing any wrong. No evidence of any crime existed until after the police had talked to Gaston's employer after having made the warrantless search and seizure.

In conclusion, as stated in *Schneckloth v. Bustamonte*, supra, the court quoting from *Miranda v. Arizona*, 384 U.S. 436, 477–478, 86 S.Ct. 1602, 1629–30, 16 L.Ed.2d 694 (1966):

"It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement."

Wherefore, the Judgment of the Sentence of the Court of Common Pleas of Monroe County is hereby reversed and the defendant is discharged.

CAVANAUGH, J., concurs in the result.